UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
**SPARTANBURG DIVISION**

| | |
|---|---|
| **Pharmacists Mutual Insurance Company,** <br>            Plaintiff, <br> v. <br><br> Urgent Care Pharmacy, Inc.; W. Ray Burns; R. Ken Mason, Jr.; G. David Scyster, Administrator of the Estate Of Mary Virginia Scyster; Virginia Rauch; Robert Conrad, Administrator of the Estate of Vivian Conrad and Individually; Donald M. Boles; Annie McGill; Evelyn Arroyo; Daniel W. Bowman; James Hickman; Shirley Kus; Robert D. Black; and Deborah J. Hensley, <br>            Defendants. | **CIVIL ACTION 7:04-1922-HMH-WMC** |
| **Cincinnati Insurance Company,** <br><br>            **Plaintiff,** <br> v. <br><br> Urgent Care Pharmacy, Inc, W. Ray Burns, R. Ken Mason, Jr., G. David Scyster as Administrator of the Estate of Mary Virginia Scyster and Individually, Virginia Rauch; Vivian Conrad, Donald M. Boles, Annie McGill, Evelyn Arroyo, Daniel Bowman, James Hickman, Shirley Kus, Robert D. Black, and Deborah J. Hensley, <br>            **Defendants.** | **CIVIL ACTION 7:04-1057-HMH-WMC** |

**SUPPLEMENTAL ORDER RELATING TO DOCUMENTS
SUBPOENAED FROM THE SOUTH CAROLINA BOARD OF PHARMACY
AND QUALIFIED PROTECTIVE ORDER**

This matter comes before the Court as a result of a subpoena served on March 3, 2005 by the plaintiffs in these actions on the South Carolina State Board of Pharmacy, a nonparty. The Board moved to quash the subpoena, but eventually counsel for the plaintiffs and for the Board

reached an agreement that the Board would produce certain documents subject to a Consent Protective Order that was entered by the Court on April 15, 2005.

The Board produced a series of documents to the parties to these cases, but a number of the documents contained information about the identities of individuals and the medicines prescribed to them. The Board proposed to redact the names of the individuals in those documents, and supply copies of the redacted documents to the counsel for the plaintiffs in these actions. Counsel for the plaintiffs did not object to this proposal.

Later, however, it became apparent that the process of redaction would be extremely costly, time-consuming and cumbersome. As a result, in order for discovery in this matter to proceed in a timely fashion, and in order to maximize the confidentiality of the patient information in any records produced by the Board, it is appropriate for the Court to order that the documents be produced to the parties without the necessity of redacting patient information. The Court is advised that the Board does not oppose such an order by the Court.

Accordingly, the Court orders that the records previously identified in this matter as documents 6571-0001 through 6571-1866 be produced to the parties in this action without the necessity of redacting patient information. All of the above-described records from South Carolina Board of Pharmacy shall be subject to the terms of the aforementioned Consent Protective Order entered on April 15, 2005, and shall be used only in the course of the above-captioned proceedings. All patient information in the records shall be regarded as "Confidential Information" within the terms of that Order, without the need for the Board to designate it as such.

In addition, the Court is aware that the attorneys for the defendant G David Scyster in this case also represent that individual in his capacity as plaintiff in the underlying North

Carolina state case, *Scyster v. Urgent Care Pharmacy, et al.* (Moore Co., North Carolina, No. 03 CVS 0897). The attorneys for defendant Scyster are hereby ordered to make copies of documents 6571-0001 through 6571-1866 available (including the permitting of copying) to counsel for the defendants in that action, provided that such counsel for those defendants execute consents both to this Order and to the April 15, 2005 Consent Protective Order.

This Order is a Qualified Protective Order pursuant to 45 C.F.R. 164.512(e) of the Privacy Standards promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The parties to these actions are required to comply fully with the terms and conditions of this Order.

**AND IT IS SO ORDERED.**

s/William M. Catoe
United States Magistrate Judge

July 6, 2005

Greenville, South Carolina

**WE CONSENT AND AGREE:**

Sweeney, Wingate & Barrow P.A.

/s Mark S. Barrow
Mark S. Barrow, Esq.
(Fed ID No.: 1220)
*Attorneys for the Plaintiff Cincinnati Insurance Company*


Buist, Moore, Smythe & McGee, P.A.

/s James D. Myrick
James D. Myrick
(Fed ID No.: 4849)
*Attorneys for the Plaintiff Pharmacists Mutual Insurance Company*

Grant & Leatherwood, P.A.

/s William M. Grant, Jr.
William M. Grant, Jr.
(Fed ID No.: 4849)
*Attorney for the Defendants*
*Virginia Scyster, Robert Conrad,*
*Virginia Rauch, Donald M. Boles &*
 *Annie McGill*


Butler, Means, Evins & Browne, P.A.


Paul B. Zion
(Fed ID No.:  4428)
*Attorneys for Defendant R. Ken Mason, Jr.*