IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Cincinnati Insurance Company, | ) | |
| | ) | C.A. No.: 7:04-1057-HMH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Urgent Care Pharmacy, Inc., W. Ray Burns, R. Ken Mason, Jr., G. David Scyster as Administrator of the Estate of Mary Virginia Scyster and Individually, Virginia Rauch; Vivian Conrad, Donald M. Boles, Annie McGill, Evelyn Arroyo, Daniel Bowman, James Hickman, Shirley Kus, Robert D. Black, and Deborah J. Hensley, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

Cincinnati Insurance Company ("Cincinnati") has no objection to the Report and Recommendation. G. David Scyster, Virginia Rauch, Vivian Conrad, Annie McGill, and Donald M. Boles ("Objecting Defendants") filed an objection to the sentence of the Magistrate's report which reads as follows: "These Defendants have initiated several underlying lawsuits alleging that they suffered bodily injury as a result of the use of the drug manufactured by Urgent Care." (Report and Recommendation 2.) The Objecting Defendants "object only to the use of the word 'manufactured' as one of the ultimate issues in this case is whether the drug in question was 'compounded' or 'compounded by Urgent Care' and that issue was not before the Court in ruling on the [Evelyn] Arroyo motion to dismiss Ms. Arroyo from the case." (Objections 1-2.)

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Objecting Defendants did not specifically object to the dispositive portion of the Magistrate's Report. The issue of whether the drug in question was manufactured or compounded was not before the Magistrate Judge, and the Magistrate Judge did not issue a recommendation regarding this issue. Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Catoe's Report and Recommendation and incorporates it herein. It is therefore

**ORDERED** that Evelyn Arroyo's ("Arroyo") motion to be dismissed as a defendant to Cincinnati's declaratory judgment action is granted. It is further

**ORDERED** that Arroyo's motion for voluntary dismissal of her counterclaim is granted.

**IT IS SO ORDERED.**

                                                    s/ Henry M. Herlong, Jr.
                                                    United States District Judge

Greenville, South Carolina
November 16, 2005


**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they have the right to appeal this order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.