IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Cincinnati Insurance Company, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Urgent Care Pharmacy, Inc., W. Ray )<br>Burns, R. Ken Mason, Jr., G. David )<br>Scyster as Administrator of the )<br>Estate of Mary Virginia Scyster and )<br>Individually, Virginia Rauch, Vivian )<br>Conrad, Donald M. Boles, Annie )<br>McGill, Evelyn Arroyo, Daniel )<br>Bowman, James Hickman, Shirley )<br>Kus, Robert D. Black, and Deborah )<br>J. Hensley, )<br>)<br>Defendants. ) | C.A. No.: 7:04-1057-HMH<br><br>**OPINION AND ORDER** |

On November 14, 2005, the court received a letter from counsel for Cincinnati Insurance Company ("Cincinnati") raising a new argument in support of Cincinnati's motion for summary judgment. With the letter, Cincinnati submitted supplemental authority for the court's consideration, Owners Ins. Co. v. Salmonsen, No. 26059, 2005 WL 3110636 (S.C. Nov. 7, 2005), "which addresses the definition of 'occurrence' in a commercial general liability policy regarding the introduction into commerce of a defective product." (Letter from Mark Barrow of Nov. 9, 2005). Cincinnati alleges that "Salmonsen appears to have direct application to" the case at bar. (Id.) G. David Scyster ("Scyster"), Virginia Rauch ("Rauch"), Vivian Conrad ("Conrad"), Annie McGill ("McGill"), and Donald M. Boles ("Boles") (collectively "Movants") filed an objection to the submission of this supplemental

1

authority on the grounds that the case is factually distinguishable from the case at bar. (Obj. 1-2.) The parties have not yet fully briefed this issue. Therefore, the parties are ordered to provide the court with supplemental briefing concerning this issue within fourteen (14) days from the date of this order.

**IT IS SO ORDERED.**

                                                s/ Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
December 8, 2005