IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Cincinnati Insurance Company, ) | |
| ) | C.A. No.: 7:04-1057-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Urgent Care Pharmacy, Inc., W. Ray ) | |
| Burns, R. Ken Mason, Jr., G. David ) | |
| Scyster as Administrator of the ) | |
| Estate of Mary Virginia Scyster and ) | |
| Individually, Virginia Rauch, Vivian ) | |
| Conrad, Donald M. Boles, Annie ) | |
| McGill, Evelyn Arroyo, Daniel ) | |
| Bowman, James Hickman, Shirley ) | |
| Kus, Robert D. Black, and Deborah ) | |
| J. Hensley, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Plaintiff Cincinnati Insurance Company's ("Cincinnati") motion for partial summary judgment as to the extent and limits of liability insurance coverage provided under the Cincinnati insurance policy ("Policy") for the claims of Defendants G. David Scyster, Administrator of the Estate of Mary Virginia Scyster, Virginia Rauch, Robert Conrad, Administrator of the Estate of Vivian Conrad, David Boles and Annie McGill (collectively "Defendants").[1] This case was remanded from the Fourth

---

[1] Evelyn Arroyo and Robert D. Black have been dismissed. Shirley Kus and Deborah J. Hensley are in default. Daniel Bowman, James Hickman, and Urgent Care Pharmacy, Inc. have not appeared in this action, but default has not been entered against them. W. Ray Burns and R. Ken Mason, Jr. have not responded to Cincinnati's motion.

1

Circuit Court of Appeals for a determination of the extent and limits of insurance coverage provided under the Policy. Cincinnati subsequently filed an affidavit and motion for partial summary judgment on July 2, 2007. The Defendants filed a response on July 12, 2007.

This Court finds that there is no genuine issue of material fact as to the extent and limit of insurance coverage provided by the Policy, that it provides professional liability coverage for Defendants' claims, and that the liability limit under the Policy is One Million Five Thousand dollars ($1,005,000).

The Policy, at p. 32, Part D, ¶ 4.a., provides in pertinent part as follows:

> 4. Aggregate Limits
>    The most we will pay for:
>    a.   Injury or damage under the "products-completed operations hazard" arising from all "occurrences" during the policy period is the Liability and Medical Expense Limit.

It is undisputed that methylprednisolone was compounded by Cincinnati's insured, Urgent Care, on various dates and in various batches and was then sold to third parties and shipped to North Carolina where it was injected into Defendants or Defendants' decedents. These undisputed facts place the methylprednisolone within the "Products – Completed Operation Hazard" coverage which is defined in the Policy at p. 35, Part E, ¶ 12.a., and provides as follows:

> 12.a. "Products – Completed Operations Hazard" includes all "bodily injury" and "property damage" arising out of "your product" or "your work" except:
>    1) Products that are still in your physical possession; or
>    2) Work that has not yet been completed or abandoned.
>
> The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.

2

Accordingly, given the undisputed facts, Urgent Care's compounding of methylprednisolone falls squarely within the coverage provided by the Policy for "Products – Completed Operations Hazard." As set forth in Part D, ¶ 4.a of the Policy, the aggregate limits for all injuries under the "Products - Completed Operations Hazard," regardless of the number of occurrences, is the Liability and Medical Expense Limit. The Liability limit as set forth in the Policy's declarations page is $1,000,000, and the Medical Expense limit as set forth in the declarations page is $5,000, for a total Liability and Medical Expense limit (and therefore the total aggregate limit for Products – Completed Operations Hazard coverage) of $1,005,000.00.

Accordingly, based on the foregoing findings of fact, the Court concludes as a matter of law that: 1) Cincinnati's aggregate limit of liability coverage under the Policy for the occurrences of bodily injury suffered by Defendants or Defendants' decedents is $1,005,000, and 2) Cincinnati shall pay its $1,005,000 liability limits within 60 days of the entry of this Order, and 3) upon such payment, Cincinnati's liability coverage will have been exhausted under the Policy and this case will be dismissed.

Therefore, it is

**ORDERED** that Cincinnati's Motion for Partial Summary Judgment is granted, and that Cincinnati shall pay its liability coverage limits within 60 days of the entry of this Order. It is further

**ORDERED** that upon payment of the liability coverage limits, the parties file a notice of compliance with this order.

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          United Stated District Court Judge

August 10, 2007
Greenville, South Carolina